UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

TAURUS ZAMBRELLA,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7:17-007-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Taurus Zambrella is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Zambrella filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1, 7, 13]. For the reasons set forth below, the Court will deny Zambrella's petition.

In 2001, a jury found Zambrella guilty of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of stealing firearms from a licensed business dealing in firearms, in violation of 18 U.S.C. §§ 922(u) and 2.[1] At sentencing, the trial court determined that Zambrella was subject to an enhanced sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony or serious drug offense. Ultimately, the trial court sentenced Zambrella to a total of 293 months in prison. The United States Court of Appeals for the Seventh Circuit affirmed Zambrella's convictions and sentence, and his subsequent efforts to vacate his sentence were unsuccessful.

---

[1] The procedural history comes from Zambrella's underlying criminal case of *United States v. Zambrella*, No. 2:00-cr-197 (N.D. Ind. 2000), as well as his case on appeal, *Zambrella v. United States*, 327 F.3d 634 (7th Ci. 2003).

Zambrella has now filed a § 2241 petition with this Court. Zambrella claims that he should be afforded relief from his career-offender designation because his prior Mississippi burglary conviction no longer constitutes a violent felony for purposes of the ACCA. Zambrella cites a number of cases to support his petition, including the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Zambrella's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Zambrella cannot use a § 2241 petition as a way of challenging his sentence.

Zambrella nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. *See* R. 1-1 at 4. It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. To be sure, Zambrella was sentenced before the Supreme Court decided *Booker*, and he may be foreclosed from filing a successive petition under § 2255. However, he has not identified a subsequent (i.e. new), retroactive change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a predicate offense for purposes of the career-offender enhancement. While Zambrella cites *Descamps*, the Supreme Court never wrote that it was creating a new, retroactive rule in that case, and the Sixth Circuit's binding decisions dating back to 2014 indicate that *Descamps* did not announce a new, retroactive change in the law. *See Griffin v. Kizziah*, No. 7:16-cv-278-KKC, R.10 at 4 (E.D. Ky. Aug. 30, 2017) (explaining these points in detail). Zambrella also relies on *Mathis*, but the Sixth Circuit recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, it did not announce a new rule, let alone a retroactive one. *In re Conzelmann*, No. 17-3270, 2017 WL 4159184, *1 (6th Cir. 2017). Finally, Zambrella cites *Johnson*, but that case "was not a 'Supreme Court decision[ ] announcing new rules of statutory construction unavailable for attack under section 2255,' [and therefore] a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a claim under that decision." *William v. Snyder-Norris*, No. 0:15-cv-098-HRW, 2016 WL 1704134, *3 (E.D. Ky. 2016) (quoting *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012)). In short, Zambrella's reliance on *Descamps*, *Mathis*, and *Johnson* is unavailing.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. Zambrella's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1, 7, 13] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated January 18, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY